NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| BRADLEY S., | ) |
| | ) Supreme Court No. S-17424 |
| Appellant, | ) |
| | ) Superior Court No. 1KE-17-00279 CI |
| v. | ) |
| | ) MEMORANDUM OPINION |
| KATIE C., | ) AND JUDGMENT* |
| | ) |
| Appellee. | ) No. 1802 – November 18, 2020 |
| | ) |

Appeal from the Superior Court of the State of Alaska, First Judicial District, Ketchikan, William B. Carey, Judge.

Appearances: Stephen Bradford, Ketchikan, for Appellant. Leif Thompson, Leif Thompson Law Office, Ketchikan, for Appellee.

Before: Bolger, Chief Justice, Winfree, Maassen, and Carney, Justices. [Stowers, Justice, not participating.]

## I. INTRODUCTION

A father challenges the superior court's child custody determination. He argues that the court abused its discretion or otherwise erred in its consideration of the statutory best interest factors set out in AS 25.24.150(c). He also argues that the court erred when it awarded the mother "primary physical custody" because the amount of

---

\* Entered under Alaska Appellate Rule 214.

visitation he has with his daughter qualifies as "shared physical custody" according to Alaska Civil Rule 90.3(f).

Because the superior court's findings about the child's best interest are not clearly erroneous and the court did not abuse its discretion, we affirm the custody decision. And because a noncustodial parent's child support obligation is calculated based on the number of days' visitation to which the parent is entitled, the superior court did not clearly err by declining to change the way it described the parents' custody.

## II. FACTS AND PROCEEDINGS

### A. Interim Custody And Domestic Violence Protection Orders

Katie C. and Bradley S. married in Ketchikan in November 2015 and have one minor daughter.[1] In August 2017 Katie filed for divorce and requested that the court determine custody of their daughter. Katie also petitioned for a domestic violence protective order (DVPO)[2] against Bradley.

Bradley filed an answer in September. The superior court ordered a conference on October 9 to set a combined trial date for the divorce and the DVPO petitions. After hearing testimony from Katie, Bradley, and several witnesses, the court granted Katie's petitions for long-term protective orders. The court also granted Katie sole interim custody and primary physical custody of their daughter. Bradley was required to enroll in and complete a batterers' intervention program and to continue the therapy he had begun after Katie filed for divorce.

---

[1]   We use initials in lieu of the parties' last names to protect the family's privacy.

[2]   The record before us does not contain any documents from the DVPO cases. But the parties' positions and pleadings in subsequent hearings are based upon the court's grant of the petitions and the conditions it imposed upon Bradley in those cases.

**B.       Visitation Order, DVPO Violation, And Withholding Of Visitation**

Bradley moved for unsupervised visitation in December 2017, attaching a letter from his counselor and a certificate of completion of a 52-hour domestic violence course. The court determined that the domestic violence presumption set out in AS 25.24.150(g) and (h) applied but that Bradley had overcome it by completing the batterers' intervention program and substance abuse counseling. As a result, the court found that Bradley did not present a danger to the child and granted him unsupervised visitation every other weekend as well as a first right of refusal for childcare midweek.

Two weeks after the court issued its visitation order Bradley was arrested for violating the DVPO. Katie called the police after Bradley "got in her face and yelled at her," and Bradley was arrested and charged.

In January 2018 Katie filed a motion to terminate unsupervised visits based on Bradley's behavior and arrest, arguing that "his aggressive behavior" had a negative effect on their daughter. Bradley opposed, arguing that "there [wa]s little reason to further restrict visitation." The court denied Katie's motion, finding that Bradley "d[id] not present any kind of credible threat to [the daughter's] physical health and safety and mental health and security."

In April Bradley filed a motion to show cause, arguing that Katie "deliberately violated the interim custody orders" because she did not provide him with "the first right of refusal." Bradley asserted that Katie had left their daughter with her mother when she went to Texas for five or six days. Following an evidentiary hearing the court granted Bradley's motion and sanctioned Katie $200 for the violation.

**C.       Custody Investigator's Report And Trial**

In February 2018 the court appointed a custody investigator. The custody investigator filed his report with the court in August. The investigator assessed each of

the best interest factors set out in AS 25.24.150(c)[3] and made recommendations.  He recommended that if the court determined that the statutory presumption in cases involving domestic violence[4] did not apply, then each parent should have access to their daughter on "a consistent and reliable schedule."  The investigator noted that Bradley needed to address his alcohol consumption and that both parents needed to better facilitate communication with the other parent when their daughter is in their care.  He further recommended that the parents monitor their daughter's mental health and refrain from derogatory statements about one another while in her presence.

The custody trial was held over three days in September.  Katie called the custody investigator as a witness; he reiterated the findings in his report.  Katie and Bradley also testified.  Katie acknowledged that their daughter "enjoy[ed] spending time with her dad," but said at times she seemed to be "intimidated" or fearful of him.  Katie testified that she did not have alcohol in her house.  She stated that she sometimes drank "on the weekends" but only when her daughter was with Bradley.  Katie also described difficulties she and Bradley had coordinating visitation, leading the court to interject that they had "to be able to be flexible with each other."

Bradley discussed his efforts to complete the 52-hour domestic violence course and to reduce his consumption of alcohol.  He admitted to the existence of "alcohol problems" during the marriage.  He noted that he limits his intake of alcohol to "a glass of wine . . . at home."  Bradley later stated that he drinks "a couple times a week," consisting of "two or three glasses" of wine.

---

[3]     *See* AS 25.24.150(c).

[4]     AS 25.24.150(g) establishes rebuttable presumption that parent with history of perpetrating domestic violence may not be awarded legal or physical custody of child.

Bradley testified that he and his daughter "get along great" and that when they are together "she is happy, and loving, and caring." Bradley stated that he had "no problem co-parenting with [Katie]." He nonetheless described numerous instances of miscommunication between himself and Katie, but stated that he had worked to make the transition easier and more pleasant for Katie.

**D.     Custody Order, Motion For Reconsideration, And Appeal**

The superior court issued its order on custody, visitation, and support in late December. The court considered each statutory custody factor[5] and found that each factor was either neutral or weighed in Katie's favor. In particular, the court found that the continuity and stability factor[6] favored Katie, since she "has provided a modicum of stability during this difficult time." It also found that Bradley had a "longstanding problem with alcohol"[7] and that he had "engaged in more than one act of domestic violence, including in the presence of the child."[8]   However, because he had "undergo[ne] a batterers' intervention program" and "extensive counseling" and had not engaged in such behavior for at least one year,[9] the court found the domestic violence presumption had been rebutted.[10]

---

[5]     *See* AS 25.24.150(c) (listing factors courts must consider in determining best interest of child).

[6]     *See* AS 25.24.150(c)(5) (length of time in stable environment).

[7]     *See* AS 25.24.150(c)(8) (evidence of substance abuse).

[8]     *See* AS 25.24.150(c)(7) (evidence of domestic violence).

[9]     *See* AS 25.24.150(h) (requirements to rebut domestic violence presumption, including successful completion of batterers' intervention program).

[10]     *See* AS 25.24.150(g) (rebuttable presumption against parent who has
(continued...)

The court concluded that Bradley's past "alcohol and anger issues . . . still play[ed] a role in its custody decision, along with the other factors." Although it found that both "parents have been unable to agree, and blame each other for that failure," it noted that Bradley "especially" had "work to do in this area."[11] While the court found that the child "appears . . . more at ease with [Katie]," it did not suggest that this factor favored either parent because the child "desire[d] to be with [Bradley] as well."[12]

Based on these considerations, the court awarded the parents joint legal custody. The court also awarded Katie primary physical custody and Bradley "substantial visitation," including more than 130 overnight visits per year.

Bradley filed a motion for reconsideration. He first pointed out that the number of days' visitation he had been awarded amounted to shared physical custody. He argued that "this [wa]s a material issue not only for semantics purposes, but because it affects the calculation of child support."

Bradley also argued that "the court overlooked or misconceived several material facts" in its best interest analysis. He asserted "that the court put great weight on the domestic violence between the parents" but overlooked that this had not occurred recently; "that Katie 'unreasonably withheld visitation,'" demonstrating that she was not fostering a positive relationship between their daughter and him; and that the court improperly found that he had violated the DVPO and held that against him when considering "the continuity and stability factor." Bradley also asked the court to

---

[10]    (...continued)
engaged in domestic violence).

[11]    *See* AS 25.24.150(c)(6) (willingness to facilitate relationship with other parent).

[12]    *See* AS 25.24.150(c)(3) (child's preference).

establish "explicit parameters for contact with regard to custody exchanges" because of the no-contact order between Bradley and Katie.

Katie filed a partial opposition to his motion to reconsider. She conceded that Bradley's visitation amounted to shared physical custody and that he was therefore entitled to have his child support obligation recalculated. But she opposed the remainder of his motion.

In August 2019 the court issued its order on Bradley's motion for reconsideration. The court granted the motion as to the proper calculation of child support but denied Bradley's other requests.

Bradley appeals, arguing that the court abused its discretion when it weighed the best interest factors set out in AS 25.24.150(c). He also argues that the "court abused its discretion or otherwise erred when it" refused to correct its description of the custody he was awarded as shared physical custody.

## III.   STANDARD OF REVIEW

" 'The superior court has broad discretion in child custody determinations.' Custody and visitation decisions 'will be set aside only if the record shows that [the] controlling findings of fact are clearly erroneous or the court abused its discretion.' "[13] "An abuse of discretion will be found if the trial court 'considered improper factors, or improperly weighted certain factors in making its determination.' "[14]

---

[13]    *Pasley v. Pasley*, 442 P.3d 738, 744-45 (Alaska 2019) (quoting *Schaeffer-Mathis v. Mathis*, 407 P.3d 485, 490-91 (Alaska 2017)).

[14]    *Co v. Matson*, 313 P.3d 521, 524 (Alaska 2013) (quoting *Millette v. Millette*, 177 P.3d 258, 261 (Alaska 2008)).

## IV.    DISCUSSION

### A.    The Superior Court Did Not Abuse Its Discretion Or Otherwise Err In Its Consideration Of The Statutory Custody Best Interest Factors.

Bradley does not argue that the superior court should have balanced any of the factors in his favor; instead he contends that a number of the factors the court balanced in Katie's favor should have been regarded as neutral. But he does not challenge all of the factors. Even if we agreed with all of his arguments the factors would still weigh in Katie's favor. The court correctly rejected his motion to reconsider its best interests decision.

### B.    The Superior Court Did Not Clearly Err Or Abuse Its Discretion By Declining To Rename The Custody Award.

Bradley argues that the superior court abused its discretion or otherwise erred by declining to rename its custody award "shared physical custody" instead of "primary physical custody."

In his motion for reconsideration, Bradley argued that the custody order's language was "a material issue not only for semantics purposes, but because it affects the calculation of child support." In response the court amended the child support award so that Bradley's obligation was reduced as required by Alaska Civil Rule 90.3.

Bradley now makes an argument purely about "semantics." He concedes that the superior court modified his child support obligation, but argues "that semantics matter." Bradley does not argue that his rights have been affected in any way.

Bradley correctly identifies his argument as "semantics": a change in the description of his custody has no effect on his rights or obligations. No statute or rule

requires the court to attach a particular label to the portion of custodial time it awards a parent.[15]  The superior court did not err or abuse its discretion.

## V.    CONCLUSION

The superior court's order is AFFIRMED.

---

[15]    Alaska R. Civ. P. 90.3(f); Alaska R. Civ. P. 90.3 cmt. IV.A.